UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GLENDA LITTON MEEKS            CIVIL ACTION NO. 07-0242

VERSUS            JUDGE WALTER

U.S. COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

       Glenda Meeks ("Plaintiff") applied for disability benefits based on health problems including back pain and depression. Plaintiff, who has a ninth-grade education and past work experience as a construction worker, was 55 years old when ALJ Charles Lindsay assessed her claim under the five-step sequential analysis and determined that Plaintiff was not disabled. Tr. 18-29. The Appeals Council found no basis for review (Tr. 5) and Plaintiff filed this civil action seeking judicial relief pursuant to 42 U.S.C. § 405(g). Plaintiff assigns as errors that the ALJ should have found that she satisfied a listed impairment and that the ALJ should have requested testimony from a medical expert.

**Standard of Review; Substantial Evidence**

       This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Listing 1.04A**

A disability claim is ordinarily judged under a five-step analysis.  The ALJ examines whether the claimant is engaged in substantial gainful activity (step one) and whether she suffers from a "severe" impairment as defined by the regulations (step two).  At the third step, the ALJ determines whether the claimant's impairment meets or equals in severity certain "listed" impairments that are found in the regulations.

The listings found in the regulations describe levels of impairment related to each of the major body systems. The Commissioner has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just "substantial gainful activity." Sullivan v. Zebley, 110 S.Ct. 885, 891 (1990); 20 C.F.R. § 404.1525 and § 416.925.  Thus, a finding that a claimant's impairment satisfies a listing compels a finding of disabled without any further analysis.

Listings criteria are "demanding and stringent." Falco v. Shalala, 27 F.3d 160, 162 (5th Cir.1994). A mere diagnosis of a condition will not suffice.  The claimant "must have

a medically determinable impairment(s) that satisfies all of the criteria in the listing." § 404.1525(d); § 416.925(d). The burden of proof rests with a claimant to provide and identify medical signs and laboratory findings that support all criteria for a Step 3 listing determination. <u>Sullivan</u>,110 S.Ct. at 891("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria").

Listing 1.04 deems disabled persons with certain disorders of the spine (such as herniated discs, spinal stenosis, osteoarthritis, or degenerative disc disease) if the disorders result in "compromise of a nerve root (including the cauda equina) or the spinal cord" with certain specific conditions that are set forth in paragraphs A, B or C. Plaintiff points to A, which provides: "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

The ALJ specifically discussed this listing and found that Plaintiff did not meet its requirements because the evidence did not demonstrate evidence of nerve root compression with the required problems. Tr. 22. That is consistent with the findings in a consultative examination report issued by Dr. William Allums. He interviewed Plaintiff and conducted a physical examination. With respect to her back, he found "slight to moderate tenderness" in some areas. Plaintiff also had curvature of the spine, which was described as "extensive lumbar lordosis and therefore a thoracic kyphosis." Dr. Allums wrote: "The remainder of

the back exam is within normal limits, and she is noted to be quite supple." Tr. 154. Dr. Allums' clinical impression included low back pain, and his work-related functions assessment included "no limitations on her sitting, standing, walking, lifting" or other activity that might be impaired by a spinal condition. Tr. 155-56.

Plaintiff concedes that the record does not reflect evidence of nerve root compression or a positive straight-leg raise test, key aspects of the listing. She argues that her condition is nonetheless medically equivalent to a listing. If an impairment does not meet a listing, it may entitle a claimant to a finding that she is disabled if her impairments are medically equivalent in severity to the listing. 20 C.F.R. §§ 404.1526 and 416.926. Plaintiff does not point to objective medical evidence that would establish a basis for medical equivalence. Rather, her argument at page 7 of her memorandum consists of several references to places where Plaintiff "testified" that she suffered certain kinds of pain or limitations. A claimant may not, however, establish listings level severity through mere subjective testimony. Sullivan, 110 S.Ct. at 891-92. Rather, the claimant must point to medical findings that support each of the criteria for the equivalent impairment determination. Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir.1990). Plaintiff has not satisfied her step-three burden with respect to this listing.

Plaintiff next invokes listings 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders). Those listings can be met if the requirements in both paragraphs A and B are satisfied, or if the requirements in C are satisfied. Plaintiff does not invoke C. The ALJ

found that Plaintiff's diagnosis of depression and anxiety did satisfy the A criteria, which require only medically documented persistence of certain mental health conditions. The ALJ then turned to the B criteria, which require at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation each of extended duration.

Relevant to the B criteria, G. Perry Hill, Ph.D., a psychologist, conducted a consultative evaluation of Plaintiff. He discussed Plaintiff's history, including domestic violence that ended with the shooting death of her husband. Plaintiff stated that dreams about the death interrupted her sleep and caused intrusive thoughts when awake. That resulted in problems with concentration. Plaintiff was then taking Lithium, Prozac and Trazadone, but she was not receiving any counseling services. Plaintiff also had a history of drinking and drug abuse, but she said she had quit drugs cold turkey. Plaintiff, during testing, was able to sustain attention to tasks and complete tasks without the need for redirection or prompting. Her concentration was deemed adequate, as was her persistence with a task. Tr. 188-91.

The ALJ found that Plaintiff had only a mild degree of limitation in activities of daily living, a moderate limitation in the area of social functioning and no limitation in the area of

concentration, persistence or pace. Tr. 24. Plaintiff argues that this was incorrect, citing episodes from her mental health history (that were considered in Dr. Hill's evaluation). Plaintiff notes that she has received treatment at mental health clinics. Plaintiff also points to Dr. Hill's indications that Plaintiff had somewhere between a moderate and marked limitation in the areas of interacting with the public, supervisors and co-workers. Tr. 193.

That evidence does not undermine the ALJ's decision that Plaintiff did not have *marked* restrictions or difficulties in at least *two* of the B areas. The record permitted the ALJ to make reasonable evidentiary choices that support his assessment of the degree of limitation Plaintiff has in the areas listed in paragraph B of the listings. Plaintiff again urges that her mental health problems equaled the listings if they did not meet them, but merely being in the ballpark of a listing is not sufficient to satisfy the claimant's demanding step-three burden. Plaintiff adds that she also has hypertension, chest pain and other problems, but the addition of unrelated physical limitations does not elevate a mental health impairment to a listing level.[1]

---

[1] Plaintiff makes a related argument that the decision should be reversed because the ALJ did not fully explain why her psychological impairments did not meet or equal the B criteria of the listings. She cites Audler v. Astrue, 501 F.3d 446 (5th Cir. 2007), which reversed when an ALJ did not so much as cite the listings at issue or provide any explanation for the step-three conclusion. There was objective medical evidence in the Audler record to suggest that the claimant did satisfy a listing, so a remand was required. The ALJ in this case, on the other hand, cited the listings at issue, discussed their requirements, and included written findings with respect to all of the important elements. The ALJ's written decision is adequate to permit meaningful judicial review, so remand is not required in this case.

**Medium Work; Lifting Requirement**

Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c) and 416.967(c). Plaintiff did not assign an error with respect this issue, but she urges in her memorandum that it was error for the ALJ to find that she could perform the lifting requirements. Plaintiff points to her testimony that she can only lift 15 to 20 pounds and that she has numbness and weakness in her hands and legs. There is nonetheless substantial evidence for the ALJ's finding in the form of the consultative examination from Dr. Allums, which determined that Plaintiff's limitations were not nearly as severe as suggested by Plaintiff's testimony. Dr. Allums specifically stated that Plaintiff had no limitation with regard to lifting. Tr. 155-56. He did not list a specific weight that Plaintiff could lift, but his assessment and common knowledge of the ordinary abilities of persons are sufficient in this case to provide substantial evidence to support the ALJ's finding.

**Medical Expert**

Plaintiff argues the ALJ should have requested testimony from a medical expert at the hearing to assist in determining whether Plaintiff's impairments meet or equal a listing. An ALJ has discretion to make such an appointment, although he always has a duty to fully and fairly develop the facts. See 20 C.F.R. § 416.927(f)(2)(iii); Smith v. Apfel, 87 F.Supp. 2d 621, 629 (W. D. La. 2000). Plaintiff suggests an expert would be helpful in interpreting the medical records and applying them to the listings, but she does not demonstrate that the ALJ

abused his discretion when he did not elect *sua sponte* to appoint such an expert, nor does she show that she was prejudiced by the absence of such an expert to such an extent that reversal is required. No relief is warranted on this issue absent a showing that a medical expert would have provided evidence or explanation that could have changed the result of the proceeding. See Glover v. Barnhart, 81 Fed. Appx. 513, 515 (5th Cir. 2003), citing Brock v. Chater, 84 F.3d 726, 728-29 (5th Cir. 1996). Plaintiff's general suggestions that a medical expert may have helped are insufficient to merit relief.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of February, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE